| | |
|---|---|
| IN THE UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)** | U.S. BANKRUPTCY COURT<br>FILED<br>TRENTON, NJ<br><br>2022 NOV -7 P 1:36<br><br>JEANNE A. NAUGHTON<br>BY: [signature]<br>DEPUTY CLERK |
| In Re:<br><br>NICHOLAS E. PURPURA<br>Debtor | Case No: 22-16438-CMG<br><br>Adv. # 22-1363 |
| NICHOLAS E. PURPURA<br>    Plaintiff<br><br>v.<br>JPMORGAN CHASE BANK N.A.<br>    Defendant | Chapter: 13<br>Adversary Proceeding:<br><br>Judge: Hon. Christine M. Gravelle<br><br>Debtor's Adversary Complaint And Complaint For Malicious Prosecution; Debtor's Opposition To The Objection Of JPMorgan Chase Bank, NA's Confirmation Of Debtor's Plan<br><br>Hearing Dates: TBD |

**Motion For An Order Of Claimant's Default Of Debtor's
Requests For Admissions And Genuineness Of Documents;
Complaint For Malicious Prosecution In The State Court Matter
By Claimant And Claimant's Full Contingent Of Legal Representatives
To Date In These Matters;
And A Supplement To Debtor's Adversary Complaint**

**I. Debtor's Demand For An Order Of Claimant's Default For Failure
To Answer Debtor's Requests For Admission Of Facts And
Requests For Genuineness Of Documents
Pursuant To
FRCP 36(a)(1)(A)(B), FRCP 34(a)(1)(A)(B) And
New Jersey Supreme Court Rule 4:22**

On September 14, 2022 Claimant was served Requests for Admissions and Requests for Genuineness of Documents. These Requests were submitted to the Claimant's legal representatives at that time, to be answered by the Claimant.

1

According to the USPS, the delivery was, upon tracking number "9505 5161 3621 2257 3768 59", delivered on September 15, 2022, at 12:44p/m:

https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=9505516136212257376859%2C&tABt=false

### "Latest Update

Your item was delivered to the front desk, reception area, or mail room at 12:44 pm on September 15, 2022 in ISELIN, NJ 08830.

Delivered

Delivered, Front Desk/Reception/Mail Room ISELIN, NJ 08830   September 15, 2022, 12:44 pm"

Claimant, to date, has failed to answer Debtor's Requests, is now in Default of answers, and the Court's Clerk should immediately issue a Court Order of Default against the Claimant that clearly and competently includes this Court's compliance with the Rule's determination that any Request for Admissions of Facts or Requests for Genuineness of Documents remaining unanswered are irrefutably "Admitted".

Pursuant to **FRCP 36(a)(1)(A)(B), FRCP 34(a)(1)(A)(B)**, Claimant had 30 days to answer Debtor's Requests, and is now in Default. This Court is bound by the Rules' provisions for failure to answer pursuant to the admissions Rule to determine Debtor's Requests are "admitted".

The Federal Rules permit a request to admit the truth of "facts, the application of law to fact, or opinions about either." **Fed. R. Civ. P. 36(a)**.

Default by the Claimant to respond within 30 days is, in accordance with the Federal Rules, an "Admission".

Debtor also made Requests pursuant to **New Jersey Supreme Court Rule 4:22**.

### Debtor's Complaint Of Malicious Prosecution By Claimant And Claimant's Complete Contingent Of Legal Representatives And Corresponding Legal Firms In And By Complicit Acts Supporting The Claimant By The State Courts And Claimant's Malicious Prosecution In This Bankruptcy Court

## Count I

On February 17, 2009, Claimant and Claimant's legal representatives, Fein Such Kahn and Shepard (**FSKS**) initiated the Complaint in Foreclosure captioned **F-9525-09** in the New Jersey Chancery Court for Monmouth County.

Claimant again repeated it's malicious prosecution of this Debtor, aided and abetted by Claimant's full contingent of legal firms and those firms' attorneys, in 2018, **F-15246-18**.

The New Jersey Office of Foreclosure, by and through it's "Clerk", Michelle Smith, was charged with legal requirements reaffirmed in the New Jersey Supreme Court's Orders and Directives of 2010 and since, that legally obligated Ms Smith to verify that all Plaintiffs possessed authenticated Notes and assignments, and if necessary, recorded Powers of Attorney, that validated a Plaintiff's 'possession' and 'control' of the debt by authenticated instruments required by **NJSA § 2A:82-17, NJSA 12A:3-203(d), N.J.S.A. 46:9-9,** and **N.J.S.A. 12A:3-201(a)** and **(b)** that establish that an assignee of a promissory Note has the right to enforce/foreclose that promissory Note.

Claimant failed/refused to submit any evidence in those initiating documents, because, as Claimant's own statements, certifications, and evidence prove, Claimant did not "possess" or "control" Debtor's promissory Note, or an authenticated assignment pursuant to New Jersey's aforementioned statutes and codes, on either initiating date, February 17, 2009 or July 23, 2018.

Michelle Smith failed/refused to exercise the legal duties of her office, causing Claimant's Complaints in Foreclosure, **F-9525-09**, the 2009 matter, and **F-15246-18**, the 2018 matter, to illegally proceed to the Chancery Court's dockets. Michelle Smith failed to comply with the Orders and Directives of Chief Justice Rabner, Judge Glenn Grant and Judge Mary Jacobson to enforce the submission of only authenticated Notes, assignments and Powers of Attorney when necessary, prior to allowing any matter to proceed to New Jersey Court dockets.

The Chancery Court, Judge Katie Gummer and Judge Joseph Quinn, next failed/refused to enforce **NJSA § 2A:82-17, NJSA 12A:3-203(d), N.J.S.A. 46:9-9,** and **N.J.S.A. 12A:3-201(a)** and **(b)** by also allowing the malicious prosecution of this Debtor by the Claimant to proceed unabated in those Judges' Courts in violation of the Orders and Directives of Chief Justice Rabner, Judge Glenn Grant and Judge Mary Jacobson that were imposed to enforce the submission of only authenticated supporting *prima*

3

*facie* evidence prior to allowing any matter to proceed to New Jersey Court dockets..

## Supplement To Debtor's Adversary Complaint

Debtor incorporates all previous information contained in Debtor's previously submitted "Debtor Is Filing This Adversary Complaint And Debtor's Opposition To The Objection Filed By Chase Which Is Malicious Prosecution In This Bankruptcy Court For Filing An Objection Before The Bankruptcy Court That Chase Is Not Entitled To, And For Filing Malicious Prosecutions In The State Courts, And For Chase's Attorneys Filing "Frivolous And Vexatious" Litigations In This Court And The State Courts" as if restated herein.

Claimant filed a false and fraudulent Proof of Claim in violation of:

**18 U.S.C. § 1001**, (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
  (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
  (2) makes any materially false, fictitious, or fraudulent statement or representation; or
  (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

**18 U.S.C. § 152(3)**, *"knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11;"*

**18 U.S.C. § 152(4)**, *"knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;"*

**18 U.S.C. § 152(7)** *"in a personal capacity or as an agent or officer of any person or corporation, in contemplation of a case under title 11 by or against the person or any other person or corporation, or with intent to defeat the provisions of title 11, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation;"*

**18 USC § 157** A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so—

4

(1) files a petition under title 11, including a fraudulent involuntary petition under section 303 of such title;
(2) files a document in a proceeding under title 11; or
(3) makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title, shall be fined under this title, imprisoned not more than 5 years, or both; and

**N.J.S.A. 2C:21-1(a)(2) Forgery and Related Offenses** *"Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act or of a fictitious person, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed".*

**18 USC § 157** Appears on the Bankruptcy form. All of these violations entitle the Debtor to protect his assets and estate against the Claimant as a core proceeding in the Bankruptcy forum. This forum has *sole jurisdiction* to protect this Debtor's assets and estate.

The **US Constitution**, pursuant to **Art. I, § 8, cl. 4.** and the **5th, 6th, and 14th Amendments** grant Bankruptcy protection as a right. Your Honor must hear this matter and make a finding that this Claimant must withdraw the unauthenticated assignment and the unauthenticated *forged* and endorsed in blank Note that constitute a criminal Proof of Claim by the Claimant.

Debtor includes **28 USC 1334(e)(1)(2)**, which stipulates that You Honor's Court has "*exclusive jurisdiction*" of this matter, and is barred from remanding Debtor's **Title 11** claims to the State Court.

Pursuant to **28 USC 1334(e)(1)(2)**:

(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—
(1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and
(2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.

## II. Statutes And Rules Previously Relied On

5

Previously, Debtor relied on a multitude of statutes, codes, and rules, all of which are pertinent to Debtor's Chapter 13 Bankruptcy filing in this Bankruptcy forum.

Included previously Debtor cited:

> **18 USC § 157** which is listed right on the Bankruptcy form for filing;
> **NJSA § 2A:82-17;**
> **NJSA 12A:3-203(d);**
> **42 USC § 1983, FRCP 12(b)(6),** which invoked imposition of **Rule 9011**;
> **31 USC §§ 3729 – 3733** the **False Claim Act**;
> **18 USC § 242;**
> **NJSA 46:9-9;** and
> **NJRE 1:6-6;**

Debtor's protection of Debtor's assets in this Bankruptcy Court forum is a core proceeding that cannot be remanded to the State Court.

This Court previously failed/refused to determine Creditor's Proof of Claim (POC) by imposing an Opinion/Order citing "*Rooker-Feldman Doctrine*" to abstain from adjudicating Debtor's "Adversary Complaint". The failure/refusal of Your Honor to adjudicate that Adversary Complaint denied Debtor his Constitutional right to due process and equal protection pursuant to the **5th Amendment** guarantees imposed within the "*Bill of Rights*" and the **14th Amendment** guarantees imposed within the **US Constitution.**

This Court also previously failed/refused to adjudicate the 'sworn, authenticated' testimony and evidence of Debtor's Forensic Expert handwriting examiner. The sworn, authenticated testimony and evidence of "Wendy Carlson" DOES comply with all Federal and New Jersey State statutes, codes and rules to be adjudicated as "admissible evidence", and will have crucial bearing on the Court's determination of 'genuine issues of material facts' that have been submitted by this Debtor as 'ADMISSIBLE' evidence to enable this Court to be a 'trier of facts', to protect Debtor's assets, and to finally deter Creditor's Unauthenticated Proof of Claim. That evidence confirms for Your Honor 'why' Claimant cannot produce authenticated evidence to validate Claimant's Proof of Claim.

**28 USC 1334(e)(1)(2),** proclaims this Court's *exclusive jurisdiction* of this 'core proceeding' and Debtor is expecting a complete 'Denial' of Creditor's Proof of Claim, and a prevailing ruling for this Debtor.

### III. Indisputable Facts Of This Matter

6

There are numerous indisputable Facts in this matter:

    a.) The Office of Thrift Supervision closed Washington Mutual Bank (WAMU) on September 25, 2008 who appointed the FDIC as Receiver who then sold exclusive servicing rights to Chase with the option to voluntarily purchase on that date;

    b.) On September 26, 2008, WAMU's parent company (and WAMU's actual 'successor in interest'), Washington Mutual, Inc. (WMI) filed for Bankruptcy protection of WAMU's assets on September 26, 2008;

    c.) The Delaware Bankruptcy Court deposited all of WAMU's assets into the Washington Mutual, Inc. liquidating trust (WMILT) which Claimant had exclusive servicing rights to administer;

    d.) On February 17, 2009, Chase, claimant, initiated **F-9525-09** against this Debtor in the New Jersey Superior Court;

    e.) On March 2, 2009, Jamie Dimon filed Claimant's "Year ending December 31, 2008" 10K, SEC.gov document which was sworn to, Certified to, and twice signed by Jamie Dimon, Claimant's chairman and CEO, along with his full contingent of officers and directors. Jamie Dimon's 2008 document confirmed that the Creditor had not 'voluntarily purchased' a single "OPTION ARM Mortgage" from WAMU. This statement is contained in "Note 2"

of

    that document which deals exclusively with the 'voluntary purchase' of WAMU's servicing rights;

    f.) In December of 2012, the Michigan Supreme Court determined in **Kim v. JPMorgan Chase Bank, NA**, MI S. Crt. 44690 (2012), that Claimant did not acquire WAMU's Notes by 'operation of law', and therefore, Claimant, like all purchasers of Notes, was required to meet all State Rules for assignment principles connected with the *sale/transfer/conveyance* of WAMU's promissory Notes;

    g.) The FDIC, in 2010, removed Claimant's status as 'attorney-in-fact' for the FDIC regarding the WAMU closing;

    h.) Claimant recognized and acknowledged the Michigan Supreme Court's determination in the September 12, 2014 *Sullivan and Cromwell* letter to the FDIC, wherein, Claimant demanded the FDIC to show "where" in the Purchase & Assumption Agreement (PAA) there was any stated fact that Claimant had purchased a single WAMU promissory Note.

Claimant's mis-representative 'narrative' since September 25, 2008 to former WAMU borrowers and the Courts and utilized for Claimant to illicitly drag those borrowers into Court, is and remains, that this Debtor's promissory Note was 'acquired' by the Claimant by means of the PAA, which claim is a total act of fraud upon the Courts and upon this Debtor.

WAMU's assets were deposited in the WMILT, and Claimant has produced no authenticated indorsement or authenticated, recorded assignment/Receiver's Deed/Receiver's Bill of Sale from the

7

WMILT, FDIC, or WAMU that Claimant ever 'voluntarily purchased' Debtor's promissory Note, nor can the Claimant provide any authenticated documentation that the purchase followed all *sale/transfer/conveyance* principles pursuant to New Jersey's statutes and codes, *i.e*, **N.J.S.A. 46:9-9**, the Uniform Commercial Code **N.J.S.A. 12A:3-203(d), N.J.S.A. 12A:3-201(a) and (b)** that '*might*' establish that an assignee of a promissory Note has the right to enforce/foreclose a promissory Note.

It is well established, precedent Bankruptcy Case Law (See **In Re Kemp, In Re Santoli, In Re Gonzales,** and **In Re Veal**) that a Debtor may collaterally attack a State foreclosure by filing for Bankruptcy protection in order to protect the Debtor's assets and estate.

Claimant and it's co-conspirator attorneys have failed to provide evidence that Debtor's promissory Note was ever *negotiated and assigned* from the WMILT by the Delaware Bankruptcy Trustee or the Delaware Bankruptcy Judge in accordance with New Jersey Assignment Principles **N.J.S.A. 46:9-9** as confirmed by the New Jersey Supreme Court case **Investors Bank v. Torres**, July 1, 2020, well established, controlling case law in New Jersey affirming existing controlling, well established New Jersey case law by making clear:

> "*Courts applying N.J.S.A. 46:9-9 to assignments of mortgages require that an assignee seeking to foreclose present an authenticated assignment indicating that it was assigned the note before it filed the original complaint.*" **Deutsche Bank Nat'l Tr. Co. v. Mitchell**, 422 N.J. Super. 214, 225 (App. Div. 2011); see also **Wells Fargo Bank, N.A. v. Ford**, 418 N.J. Super. 592, 600 (App. Div. 2011) *(reversing the grant of summary judgment in favor of Wells Fargo where "the purported assignment of the mortgage, which an assignee must produce to maintain a foreclosure action, see N.J.S.A. 46:9-9, was not authenticated*".

## IV. Jurisdiction

This Court, through the legislative code establishing the Bankruptcy system, has been granted *sole jurisdiction* to enforce protection of this Debtor's assets/estate.

That jurisdiction is memorialized in the determination of the 9th Circuit Court in **MSR Exploration, Ltd. v. Meridian Oil, Inc.**, 74 F.3d 910 (9th Cir. 1996):

> "*Federal Bankruptcy Rule 9011 provides sanctions for those who file improper claims.
> ... a preemption claim is asthenic {weak} when applied to cases where there is concurrent state*

8

*and federal jurisdiction over the underlying federal cause of action, it becomes puissant {dominant} when applied to bankruptcy.*

*...the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code,* **11 U.S.C. §§ 101 et seq.,** *demonstrates Congress's intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike.[2]*

*While it is true that bankruptcy law makes reference to state law at many points, the adjustment of rights and duties within the bankruptcy process itself is uniquely and exclusively federal. It is very unlikely that Congress intended to permit the superimposition of state remedies on the many activities that might be undertaken in the management of the bankruptcy process.*

*...the opportunities for asserting malicious prosecution claims would only be limited by the fertility of the pleader's mind and by the laws of the state in which the proceeding took place.*

*...the highly complex laws needed to constitute the bankruptcy courts and regulate the rights of debtors and creditors also underscore the need to jealously guard the bankruptcy process from even slight incursions and disruptions brought about by state malicious prosecution actions.*

*To put it another way, the problem here is not only one of state courts deciding issues of federal law in one manner or another. That is not an entirely unique situation, even when uniformity is required. See* **Berg,** *32 F.3d at 426 {referencing* **Berg v. Leason,** *32 F.3d 422 (9th Cir.1994)}. The difficulty here goes much deeper. It is a question of state courts, in effect, interfering with the whole complex, reticulated bankruptcy process itself. That is not to say that the need for uniformity should be denigrated. There can be no doubt that Congress did place considerable weight on the need for a uniform bankruptcy process, which leads to our third reason for finding preemption.*

*"Bankruptcy law does require uniformity, and that need persuaded the framers of the United States Constitution to expressly grant Congress the power "to establish . uniform Laws on the subject of Bankruptcies throughout the United States."* **Art. I, § 8, cl. 4.** *At a time when each grant of power to the federal government was often looked upon with a degree of suspicion, Madison, while engaging in a lengthy defense of various grants that might seem obvious today, was able to refer to the bankruptcy provision rather tersely:*

*The power of establishing uniform laws of bankruptcy is so intimately connected with the regulation of commerce, and will prevent so many frauds where the parties or their property may lie or be removed into different States, that the expediency of it seems not likely to be drawn into question.*

The Federalist No. 42, at 308 (James Madison) (Benjamin Fletcher Wright ed., 1961). Justice Story was of the same opinion. He indicated that the reasons for conferring the bankruptcy power upon the United States:

1    *For example, the court has great authority over the allowance and disallowance of claims, for a myriad of reasons. See* **11 U.S.C. § 502.** *Similarly, it can affect debtors, creditors, and claims in ways that would never be dreamt of outside of the bankruptcy process. See, e.g.,* **11 U.S.C. §§ 365, 506.**

9

*result from the importance of preserving harmony, promoting justice, and securing equality of rights and remedies among the citizens of all the states. It is obvious, that if the power is exclusively vested in the states, each one will be at liberty to frame such a system of legislation upon the subject of bankruptcy and insolvency, as best suits its own local interests and pursuits. Under such circumstances no uniformity of system or operations can be expected. There can be no other adequate remedy than giving a power to the general government to introduce and perpetuate a uniform system.*

2 Joseph Story, Commentaries on the Constitution of the United States § 1107 (2d ed. 1851).

*It is true that in many circumstances state courts can, and do, resolve questions of federal law "with no difficulty."* Berg, 32 F.3d at 426. *Nevertheless, the unique, historical, and even constitutional need for uniformity in the administration of the bankruptcy laws is another indication that Congress wished to leave the regulation of parties before the bankruptcy court in the hands of the federal courts alone.*

*Filings of bankruptcy petitions are a matter of exclusive federal jurisdiction. State courts are not authorized to determine whether a person's claim for relief under a federal law, in a federal court, and within that court's exclusive jurisdiction, is an appropriate one. Such an exercise of authority would be inconsistent with and subvert the exclusive jurisdiction of the federal courts by allowing state courts to create their own standards as to when persons may properly seek relief in cases Congress has specifically precluded those courts from adjudicating. The ability collaterally to attack bankruptcy petitions in the state courts would also threaten the uniformity of federal bankruptcy law, a uniformity required by the Constitution.* **U.S. Const. art. I, § 8, cl. 4.**

*That Congress' grant to the federal courts of exclusive jurisdiction over bankruptcy petitions precludes collateral attacks on such petitions in state courts is supported by the fact that remedies have been made available in federal courts to creditors who believe that a filing is frivolous. Debtors filing bankruptcy petitions are subject to a requirement of good faith, and violations of that requirement can result in the imposition of sanctions. ...it is for Congress and the federal courts, not the state courts, to decide what incentives and penalties are appropriate for use in connection with the bankruptcy process and when those incentives or penalties shall be utilized."*

## V. Claimant Has Only Forged Documents And Hollow Recitations Repeatedly Relied On To Claim Acquisition Of Debtor's Note

While *"It is true that in many circumstances state courts can, and do, resolve questions of federal law "with no difficulty."* **Berg**, 32 F.3d at 426" in the instant matter, the State Court failed at every step of it's own tightly regulated process to protect this Debtor's assets from invalid, frivolous, and malicious claims by a Claimant with absolutely no evidence to support a Complaint in Foreclosure. Not in 2009, and definitely not in 2018.

As Your Honor is well aware, this Debtor is a member of a large group of New Jersey homeowners

10

who are complaining loudly about rampant errors of varying severity in legal filings by banks seeking to foreclose on record numbers of homeowners. New York's Chief Justice took that "bull by the horns" in 2010 when he passed a new Court rule in an attempt to end such atrocities.

New York Chief Justice Jonathan Lippman found that the New York Courts were seeing "systemic structural failings" in the foreclosure process. "**You are talking about tremendous consequences. You are talking about taking people's homes**," he said. "**Those papers have to be accurate. They have to be credible**."

New Jersey's Chief Justice Rabner echoed much of those same concerns when New Jersey's 2010 Orders and Directives were implemented at his insistence.

Unfortunately, the State's Courts and Judges have fallen woefully short of "protecting the integrity of the Courts" by failing to enforce the most simple guidelines, which begin with the Office of Foreclosure's implementation of the strict guidelines that prevent charlatan Plaintiffs and their 'perjurers-for-profit' attorneys and affiants from crossing the thresholds of New Jersey's Courts.

Judge Christopher Boyko of Ohio said it so eloquently when he "Denied" fourteen foreclosures in one Order by stating, "**The institutions seem to adopt the attitude that since they have been doing this for so long, unchallenged, this practice equates with legal compliance. Finally put to the test, their weak legal arguments compel the Court to stop them at the gate**."

It is the *sole jurisdiction* of Your Honor's Court to now stop this Claimant at this Court's gate for Claimant's refusal/failure to submit a single "authenticated" document as a valid Proof of Claim in any Court.

Claimant did NOT acquire this Debtor's Note by means of the Purchase & Assumption Agreement. Period. The Court is duty bound to prohibit the Claimant from further fraud upon the Court, and from further malicious prosecution of this Debtor.

Pursuant to **18 USC § 152** which focuses on fraudulent actions, Claimant and scheming entourage attorneys have intentionally concealed falsification of documents, fraudulent transfers of property and/or obligations, and perjury, among other things. **18 USC § 157** focuses on fraudulent statements and provides that any person who "devised or intend[ed] to devise a scheme or artifice to defraud and

11

for the purpose of executing or concealing such a scheme or artifice or attempting to do so" made "a false or fraudulent representation, claim, or promise" related to a bankruptcy filing, whether undertaken before or after filing for bankruptcy protection. There is no doubt that this Claimant has violated the numerous cited statutes, codes and rules relied on by this Debtor.

Pursuant to **FRCP 1334(e)(1)(2)**:

- **(e)** The district court in which a case under **title 11** is commenced or is pending shall have exclusive jurisdiction—
- **(1)** of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and
- **(2)** over all claims or causes of action that involve construction of **section 327 of title 11**, United States Code, or rules relating to disclosure requirements under **section 327**.

Pursuant to **11 USC § 522(f)(1)(A)**, this is also the designated forum for release from a void 'judicial lien', such as the void judicial lien imposed by the New Jersey Superior Court because the Debtor was never allowed to avail himself of his due process and equal protection of law by that Court's acceptance of robo-signed documents and denial of Debtor's discovery. A lien secured by fraud and forgery passes no title see **N.J.S.A. 2C:21-1**.

For these reasons, and many more, this Debtor demands that Your Honor hear his **Title 11** claims. Debtor's multiple claims under **Title 11** of malicious prosecution by the Claimant in violation of **11 U.S.C. 506**

Federal Rules for using affidavits for authentication are pursuant to **D.N.J. LBR 7007-1**. Affidavits, Declarations and Certifications *"Affidavits, declarations, certifications and other documents of the type referenced in* **28 U.S.C. § 1746** *must contain only statements of fact within the personal knowledge of the signatory. Argument of the facts and the law must not be contained in such documents."* The New Jersey rule is governed by **N.J.R.E. 1:6-6**.

Claimant's affiant, Alicia Hernandez, has failed to meet the requirements that she has ever had 'personal knowledge' making her two Certifications inadmissible evidence pursuant to **28 U.S.C. § 1746, D.N.J. LBR 7007-1, and N.J.R.E. 1:6-6**.

New Jersey law requires that an assignment can only be admissible as evidence if it is authenticated by the Seller's signatory to that document whose name appears on the assignment, in order for that

assignment to become admissible as evidence. If the assignment is executed by an authorized agent of the Seller, they must include the Power of Attorney which allows them to execute an assignment

Claimant's lack of authentication of the **forged**, unauthenticated, endorsed in blank Note prior to initiating **F-9525-09** and **F-15246-18** stripped the State Courts of subject matter jurisdiction.

Claimant's failure/refusal to submit an authenticated assignment and an authenticated Note with Debtor's actual signature as it appears on the Original Note, which every subsequent version must have, to support Claimant's Proof of Claim in Your Honor's Court leaves Your Honor, as a matter of law, with no other alternative than to deter Claimant's criminal Proof of Claim and rule on behalf of this Debtor.

## Conclusion

Debtor fully trusts that Your Honor will enforce this Court's *sole jurisdiction* of this matter, will protect this Debtor's assets and estate from the fraudulent Claimant, who despite the meritorious attempts by New Jersey's Chief Justice Rabner to protect his State Courts' integrity, finds this Claimant yet again implementing fraud upon the Court to destroy New Jersey's citizens faith and trust in our State Courts.

Your Honor should now "Grant" this Debtor a prevailing ruling with award of all Relief previously requested, and any further Relief Your Honor deems fitting, especially for Claimant's unconscionable criminal acts against a New Jersey senior citizen, a violation of New Jersey's own **FCA**.

There can be no doubt that Claimant and it's full contingent of law firms and those law firms' designated attorneys have acted in concert and as co-conspirators to knowingly and willfully submit a ***forged/fraudulent**,* unauthenticated Note and an unauthenticated assignment to the Courts in violation of **31 U.S.C. §§ 3729 - 3733**, the False Claims Act, as a conspiracy.

This Court should adjudicate that these co-conspirators had actual knowledge of the falsity of the information, acted in deliberate ignorance of the falsity of the information, and acted in reckless disregard of the falsity of the information that was submitted and/or recorded to be utilized as *prima facie* evidence before the Courts, including Your Honor's Court. When Your Honor reaches a conclusion that verifies Claimants violations as presented by this Debtor, Your Honor should further demand Claimant immediately remove the violative, unauthenticated assignment and the *__forged__,*

unauthenticated Note from all public records by this Court's Order with prejudice.

The Claimant, each legal firm, and each participating attorney should be held wholly and individually responsible, and each should be made to wholly and individually provide the full amount of Relief to this Debtor.

Certification of Service
&
Truthfulness

On November 7, 2022, I Nicholas E. Purpura, hereby certify under the penalty of perjury that I have submitted the following Motion to the following attorneys by USPS tracking This same document and Exhibits submitted is true to the best of my knowledge' to this Honorable Court, address to:

Charles H. Jeanfreau Esq. / Brian P. Scibetta Esq.
c/o McCalla Raymer Liebert Pierce
485 U.S. Hwy 1, South, Bldg. F Ste. 300
Iselin, NJ 08830

Francesca Arcure, Esq.
c/o Hill Wallack, Law firm
21 Roszel Road
Princeton, New Jersey

Ray Anthony Lebron
Jill A. Manzo, Esq,
Dolores De Almeida, Esq.
Nicholas J. Canova
c/o Fein Such Kahn Shepard
7 Century Drive, Suite 201
Parsippany, New Jersy, 07054

Respectfully submitted,

_____
Nicholas E. Purpura,
Chaplain, *pro se*

| | |
|---|---|
| IN THE UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)** | U.S. BANKRUPTCY COURT<br>FILED<br>TRENTON, NJ |
| In Re:<br><br>NICHOLAS E. PURPURA<br>Debtor | Case No: 22-16438-CMG<br>2022 NOV -7 P 1:36<br>JEANNE A. NAUGHTON<br>DEPUTY CLERK |
| NICHOLAS E. PURPURA<br>    Plaintiff<br><br>    v.<br>JPMORGAN CHASE BANK N.A.<br>    Defendant | Chapter: 13<br>Adversary Proceeding:<br><br>Judge: Hon. Christine M. Gravelle<br><br>Debtor's Adversary Complaint And Complaint For Malicious Prosecution; Debtor's Opposition To The Objection Of JPMorgan Chase Bank, NA's Confirmation Of Debtor's Plan<br><br>Hearing Dates: TBD |

## Notice of Filing

**Motion For An Order Of Claimant's Default Of Debtor's
Requests For Admissions And Genuineness Of Documents;
Complaint For Malicious Prosecution In The State Court Matter
By Claimant And Claimant's Full Contingent Of Legal Representatives
To Date In These Matters;
And A Supplement To Debtor's Adversary Complaint**

I.     **Debtor's Demand For An Order Of Claimant's Default For Failure
To Answer Debtor's Requests For Admission Of Facts And
Requests For Genuineness Of Documents
Pursuant To
FRCP 36(a)(1)(A)(B), FRCP 34(a)(1)(A)(B) And
New Jersey Supreme Court Rule 4:22**

Nicholas E. Purpura
1802 Rue De La Port
Wall New Jersey, 07719
732 449 0856

Certification of Service
&
Truthfulness

On November 7, 2022, I Nicholas E. Purpura, hereby certify under the penalty of perjury that I have submitted the following Motion to the following attorneys by USPS tracking  This same document and Exhibits submitted is true to the best of my knowledge' to this Honorable Court, address to:

Charles H. Jeanfreau Esq. / Brian P. Scibetta Esq.
c/o McCalla Raymer Liebert Pierce
485 U.S. Hwy 1, South, Bldg. F Ste. 300
Iselin, NJ 08830

Francesca Arcure, Esq.
c/o Hill Wallack, Law firm
21 Roszel Road
Princeton, New Jersey

Ray Anthony Lebron
Jill A. Manzo, Esq,
Dolores De Almeida, Esq.
Nicholas J. Canova
c/o Fein Such Kahn Shepard
7 Century Drive, Suite 201
Parsippany, New Jersy, 07054

Respectfully submitted,

*[signature]*

Nicholas E.Purpura,
Chaplain, *pro se*

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>NICHOLAS E PURPURA | DEFENDANTS<br>JPMorganChase BK |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Pro Se | ATTORNEYS (If Known)<br>FSKS<br>MRLP |
| PARTY (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF       DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.